and construction certain highways within the county of Ulster under the provisions of section 320-a of the Highway Law, and to approve of the determination agreement executed by the chairman and clerk of the board of supervisors of Ulster county, pursuant to the direction of the board of supervisors, by resolution adopted April 29, 1924, and to indicate the approval of the Commissioner of Highways upon such agreement.

*John W. Eckert* for appellant.

*Albert Ottinger*, Attorney-General (*John H. Machan* and *Charles E. McManus* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

WHITE, GRATWICK & MITCHELL, INC., Respondent, *v.* EMPIRE ENGINEERING COMPANY, INC., Appellant.

*Riparian rights — owner of river front property and of lands under water in front thereof properly restrained from constructing piers which would interfere with access to property of another riparian owner.*

*White, Gratwick & Mitchell, Inc.,* v. *Empire Engineering Co., Inc.,* 211 App. Div. 834, affirmed.

(Argued May 5, 1925; decided May 15, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 8, 1924, unanimously affirming a judgment in favor of plaintiff entered upon the report of a referee. The judgment restrained and enjoined the defendant from obstructing, filling in and constructing piers upon lands under water between the shore and the United States harbor line in Niagara river in front of defendant's property. The question was whether the defendant as the abutting and adjacent owner of the property fronting on the Niagara river and of the lands under water in front of its premises may by the construction of piers over such lands extending into the river, impair the means of access to the plaintiff's

property, abutting on said river, by impairing navigation to it, and destroy its value for dock purposes.

*S. Fay Carr* and *Helen Z. M. Rodgers* for appellant.

*David S. Jackson* and *John B. Richards* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.    Absent: POUND, J.

---

BLUE RIDGE COAL CORPORATION et al., Appellants, *v.* GENEVIEVE M. LEWIS, Defendant, and ROYAL INDEMNITY COMPANY, Respondent.

*Attachment — action to establish ownership of property attached and to recover value thereof — motion for summary judgment properly denied.*

*Blue Ridge Coal Corporation v. Lewis,* 210 App. Div. 275, affirmed.

(Argued May 5, 1925; decided May 15, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 2, 1924, which reversed an order of Special Term granting a motion for summary judgment and denied said motion. The complaint demanded that the defendant Genevieve M. Lewis establish that she was the owner of property at the time of its seizure under a warrant of attachment, and that in case of her failure so to do plaintiff recover from the defendants Genevieve M. Lewis and Royal Indemnity Company, jointly and severally, the value of the aforesaid property so claimed by the defendant Genevieve M. Lewis, with interest from the date of the undertaking. The Appellate Division held that a defense that the sheriff without any authority required a bond, although he failed to secure a bond from the attaching creditor as required by the Civil Practice Act; and that the claimant was entitled to her property under the circumstances without filing a bond, was good if sustained by proof. The following question was certified:

" Was plaintiff's motion properly denied as matter of law? "